UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALIREZA SEDAGHATDOUST, <br><br> Plaintiff, <br><br> v. <br><br> ANTONY BLINKEN, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-03218 (TNM) |

**MEMORANDUM OPINION**

Alireza Sedaghatdoust applied for an "Alien Fiancé visa" to join his U.S.-citizen fiancée in this country. He provided the necessary documents and sat for an interview. Since then, he claims he has waited more than a year without word from the Government on his application. So he sued to compel the Government to act. Because the record shows that the Government has, in fact, adjudicated his visa application and informed him of its decision, the Court will dismiss his suit. More, this the result would be the same even if the Court assumed that his application had not been adjudicated.

I.

Plaintiff Alireza Sedaghatdoust is an Iranian national who is engaged to be wed to a U.S. citizen. Compl. ¶ 9, ECF No. 1. Sedaghatdoust now wishes to move to America so he completed an I-129F "Petition for Alien Fiancé(e)" to join her here. *Id*. He submitted that petition in December 2022. *Id*. ¶ 18. And by April 2023, he had completed a required in-person interview with American consular officers in Abu Dhabi, UAE. *Id*. ¶ 20.

But since then, he claims, he has heard nothing. Compl. ¶ 21. By the time he filed this Complaint, his visa application had been pending for 191 days. *Id*. ¶ 23. This delay has caused

him "significant financial and emotional hardships" because he "and his U.S. citizen fiancée are unable to begin their lives together as a married couple" while the application remains pending. *Id*. ¶¶ 25–26.  But review of the State Department's Visa Status Check website shows that his application was refused on May 2, 2023,[1] two weeks after his interview.  *Id*. ¶ 20.

Sedaghatdoust sued a handful of State Department officials, arguing that they have unreasonably delayed a decision on his application, and seeking a writ of mandamus to compel them to adjudicate it.  Compl. ¶¶ 27–40.  Defendants have moved to dismiss Sedaghatdoust's claims.  Mot., ECF No. 6.  They argue that he lacks standing to sue some of them, *id*. at 4–5, that his claims are not cognizable under the doctrine of consular nonreviewability, *id*. at 6–10, that mandamus will not lie for such claims, *id*. at 10–17, and that his claims lose on the merits, *id*. at 18–26.  Their dismissal motion is now ripe, and the Court will grant it.

## II.

Because the Government has moved to dismiss under Federal Rule of Civil Procedure 12(b), the Court asks whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1]  The Court may take judicial notice of the contents of a government website, *Montana Green Party v. Jacobsen*, 17 F.4th 919, 927–28 (9th Cir. 2021), and it may consider such contents at the motion-to-dismiss stage without converting the motion into one for summary judgment, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

It is hard to square the allegations in Plaintiff's Complaint with the State Department's online visa tracker, especially considering counsel's obligations under Federal Rule of Civil Procedure 11(b)(3).  *Compare* Compl. ¶ 4 ("SEDAGHATDOUST's visa application has remained in administrative processing . . . without completion of processing"), ¶ 5 ("The U.S. Embassy in Abu Dhabi, UAE, has not taken any further action on the Application since he completed his interview."), *id*. (stating that the Embassy has "fail[ed] to adjudicate" Plaintiff's visa application), *with* UNITED STATES DEP'T OF STATE, VISA STATUS CHECK ("Case Last Updated: 02-May-2023," "A U.S. consular officer has adjudicated and refused your visa application."), https://ceac.state.gov/CEACStatTracker/Status.aspx.  The Court reminds counsel of their duty of candor.

(cleaned up). So the Court "assume[s] the truth of all material factual allegations in the complaint," *American Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), and asks whether those allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not cut it. *Id.*

At the outset, the Court must assure itself of Plaintiff's standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 94–95 (1998). "[S]tanding doctrine helps ensure that in each case, the proper plaintiff is suing the proper defendant over a kind of injury the Court is able to resolve." *Massachusetts Coal. for Immigr. Ref. v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d ---, 2023 WL 6388815, at *5 (D.D.C. 2023). To have standing to sue, "[a] plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical (the injury-in-fact requirement); (2) the injury is fairly traceable to the challenged action of the defendant (the causation requirement); and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision (the redressability requirement)." *Id.* at *6 (cleaned up).

Under those rules, Defendants are largely right—as they argue, Plaintiff lacks standing to sue the Secretary of State and the Assistant Secretary of State for the Bureau of Consular Affairs.

First, the Secretary. Congress has expressly divested him of any visa adjudication or oversight authority. *Yaghoubnezhad v. Stufft*, 1:23-cv-03094 (TNM), 2024 WL 2077551, at *5 (D.D.C. May 9, 2024). So Sedaghatdoust's injuries are neither traceable to him nor remediable by an order directed at him. *See id.* Sedaghatdoust therefore lacks standing to sue him. *Id.*

The same is true of the Assistant Secretary. As the D.C. Circuit has recognized, visa adjudicatory authority is vested exclusively in consular officers. *Baan Rao Thai Rest. v.*

*Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021). Congress has delegated the definition of consular officers to the State Department. 8 U.S.C. § 1101(9). And State, in turn, has defined consular officers as "commissioned consular officers and the Deputy Assistant Secretary for Visa Services," along with her delegees. 22 C.F.R. § 40.1(d). Nowhere in that definition does the Assistant Secretary appear. But her subordinate does. And the choice to explicitly name the Deputy Assistant Secretary for Visa Services suggests that other, more senior appointees like the Assistant Secretary are not included. *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002).

But these defects do not defeat Sedaghatdoust's claims. He has standing to sue at least one Defendant: the Chargé d'Affaires of the Embassy in Abu Dhabi. The Chargé d'Affaires appears to be a "commissioned consular officer" under § 40.1(d). After all, he receives a commission for the purpose of service as an officer at a consulate. And the Government does not claim otherwise. Mot. at 5. So since *he* would have either visa adjudicatory or oversight authority, Sedaghatdoust's injury could be traceable to him, and remediable by a judgment against him. That means that Sedaghatdoust has standing to sue at least one Defendant. And thus, the Court must proceed to the merits. *Cf. Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1232 (D.C. Cir. 1996).

### III.

On the merits, though, Sedaghatdoust's claims fail several times over.

First, Defendants invoke the consular nonreviewability doctrine. Mot. at 6–10. The idea behind consular nonreviewability is simple. Because "[d]ecisions regarding the admission and exclusion of foreign nationals are a fundamental sovereign attribute exercised by the Government's political departments," courts "have long recognized" that "ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review." *Khachatryan v.*

4

*Blinken*, 4 F.4th 841, 849 (9th Cir. 2021) (cleaned up).  And that bar on judicial review applies both to "the substance of a consular officer's visa determination" as well as the decision to place a visa application into post-refusal "administrative processing" for "discretionary re-adjudication of" the application.  *Yaghoubnezhad*, 2024 WL 2077551, at *10–11 (cleaned up).

Recall that the State Department has already refused Sedaghatdoust's visa.  So there has been a final decision on the merits of his application.  And under the consular nonreviewability doctrine, the Court cannot inquire into the basis or validity of that decision.  *Yaghoubnezhad*, 2024 WL 2077551, at *10.  Nor can the Court compel any kind of discretionary post-refusal reconsideration.  *Id*. at *11.  So under the consular nonreviewability doctrine, Plaintiff is out of luck.  The Court can give him nothing that he wants.

Next, Defendants argue that "Plaintiff's claims fail because there is no discrete agency action that a consular officer is required to take."  Mot. at 10 (capitalization altered).  To state a claim for unreasonable delay under 5 U.S.C. § 706, or to make out an entitlement to mandamus relief, a plaintiff must identify a nondiscretionary duty held by the defendant.  *Accord Yaghoubnezhad*, 2024 WL 2077551, at *6 (§ 706); *Marbury v. Madison*, 5 U.S. 137, 151–52 (1803) (mandamus).  And in the § 706 context, that duty must be not only mandatory, but also "discrete" and reasonably specific.  *Yaghoubnezhad*, 2024 WL 2077551, at *6.

But the *only* duty that the statute or regulations impose on consular officers is a duty to grant or refuse a visa.  *Yaghoubnezhad*, 2024 WL 2077551, at *7–8.  And that duty has been performed; Sedaghatdoust's application has been refused.  The statute does *not* create an additional duty to engage in post-refusal reconsideration of the visa application.  *Id*. at *8.  So Defendants have fully performed the only duties they have, and mandamus will not lie against

them for failure to perform further acts that are within their own discretion. *Marbury*, 5 U.S. at 151–52.

Finally, Defendants argue that Sedaghatdoust's claims fail on the merits. So, assuming his application has not been adjudicated, they argue the delay in doing so is not yet unreasonable. To decide whether a delay is unreasonable, the Court applies the so-called "*TRAC* factors," from *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). *Yaghoubnezhad*, 2024 WL 2077551, at *11.

Those factors are "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the Court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the Court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Yaghoubnezhad*, 2024 WL 2077551, at *11 (citing *In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999)) (formatting altered).

Under these factors, Sedaghatdoust loses. He complains of a six-month to one-year delay in processing his visa application. Compl. ¶ 23; Opp'n at 7, ECF No. 8. Courts have regularly found far longer delays insufficient to support an unreasonable delay claim. *See Yaghoubnezhad*, 2024 WL 2077551, at *11 (collecting cases).

The first two *TRAC* factors "strongly favor" the Government because "Congress has not supplied a rule of reason" or "statutory deadline" for processing visa applications like this one. *Yaghoubnezhad*, 2024 WL 2077551, at *12. The fourth likewise "strongly disfavors" Sedaghatdoust, because granting his application would enable "line jumping," putting his application "ahead of longer-pending petitions." *Da Costa v. Immigr. Inv. Prog. Off.*, 80 F.4th 330, 343 (D.C. Cir. 2023). More, "Plaintiff has not alleged any impropriety" by the Government in its processing of his application, Opp'n at 29, so the sixth factor is against him too. Even assuming the third and fifth *TRAC* factors favor Sedaghatdoust, these two factors "do not tip the scales" when weighed against the other four. *Da Costa*, 80 F.4th at 344; *Mukkavilli v. Jaddou*, No. 23-5138, 2024 WL 1231346, at *2 (D.C. Cir. Mar. 22, 2024) (unpublished). Sedaghatdoust therefore loses under the *TRAC* factors.

So under any metric—consular nonreviewability, the mandamus requirements, or the *TRAC* factors—Sedaghatdoust's claims fail.

**IV.**

The State Department has refused Sedaghatdoust's visa application. That refusal, though no doubt disappointing, is conclusive in this Court and cannot be disturbed by judicial decree. Thus, the Court will grant the Motion to Dismiss. And, as a result, it will deny the Motion to Expedite, ECF No. 10, as moot. A corresponding Order will issue today.

Dated: May 23, 2024                                           TREVOR N. McFADDEN, U.S.D.J.